IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM ALLEN WHITLOW,

    Petitioner,
v.                                                          CASE NO. 3:17-cv-423-LC-GRJ

JULIE JONES, et al.,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a pleading on the Court's habeas corpus petition form, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2. Petitioner is an inmate in the custody of the Department of Corrections serving a total life sentence for offenses including carjacking, attempted second degree murder, robbery, battery, and burglary, imposed in 2003 in Hillsborough County.

The allegations of the pleading are largely incoherent but stem from the conditions of confinement at Santa Rosa CI. ECF No. 1. Petitioner challenges his custody classification as a "close management" inmate due to an assault on staff that occurred at Washington CI. Petitioner contends that state criminal charges filed against him were dismissed, and that he should be returned to general population. *Id.*

Because Petitioner challenges the conditions of confinement, rather than the fact or duration of his imprisonment, his remedy is not by way of a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is remedy when relief sought is a determination that prisoner is entitled to immediate release or a speedier release). The proper remedy for a challenge to the conditions of confinement is a complaint pursuant to 42 U.S.C. § 1983. However, challenges to custody classification are generally not cognizable under § 1983 unless the condition of confinement is so severe that it essentially exceeds the sentence imposed by the court. *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The allegations of the Petition do not suggest that Petitioner's classification as a close-management inmate amounts to a condition that essentially exceeds the sentence imposed by the court.

Even if Petitioner's claim were cognizable under § 1983, he is precluded from proceeding with this case as an *in forma pauperis* civil rights complaint because he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Whitlow v. Rummel*,

Case No. 3:16-cv-470-LC-EMT (N.D. Fla. 10/27/16) (dismissing case as malicious for abuse of the judicial process); *Whitlow v. Samples*, Case No. 5:16-cv-347-WTH-GRJ (N.D. Fla. 2/8/17) (dismissing case as malicious for abuse of the judicial process); and *Whitlow v. Oliver*, Case No. 5:17-cv-23-MCR-CJK (N.D. Fla. 5/20/17) (dismissing case as malicious for abuse of the judicial process).  The Court has confirmed that the inmate identification number of the plaintiff in the previous cases is the same as Petitioner's inmate identification number in this case, DOC # 513215. Accordingly, Petitioner is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).   General allegations that are not grounded in specific facts which indicate that  serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are

insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Liberally construed, Petitioner has alleged no facts suggesting that he faces any imminent danger stemming from his present conditions of confinement. Accordingly, the Court concludes that Petitioner is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing a civil rights case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper should be **DENIED,** and that this case should be  **DISMISSED**

**WITHOUT PREJUDICE** for failure to state a cognizable habeas corpus claim and pursuant to 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 13th day of July 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**